IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| CC&H INVESTMENTS, a partnership, | ) |
| | ) No. 30590-2-III |
| Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| RCS NORTHWEST, LLC, an Idaho | ) |
| Limited Liability Company, who acquired | ) |
| title as RCS NORTHWEST LLC | ) |
| LIMITED LIABILITY COMPANY; | ) |
| EARLY BIRD SUPPLY, INC., a | ) |
| Washington corporation; WILLIAM | ) |
| JENKINS, d/b/a/ JENKINS PLUMBING, | ) |
| INC., and all other persons or parties | ) |
| claiming any right, title, estate, lien or | ) |
| interest in the real estate described in the | ) |
| complaint; and LEWISTON- | ) |
| CLARKSTON PARTNERS HABITAT | ) |
| FOR HUMANITY, | ) |
| | ) |
| Defendants, | ) |
| | ) UNPUBLISHED OPINION |
| CHARLEY HEWITT, d/b/a HEWITT | ) |
| CONSTRUCTION CO., and JANE DOE | ) |
| HEWITT, | ) |
| | ) |
| Appellant. | ) |

SIDDOWAY, J. — CC&H Investments, a construction lender, brought this action to

foreclose three deeds of trust and have them declared senior to mechanics' liens that had

been filed by three of the defendants. One of the lienholders, Charley Hewitt, doing business as, Hewitt Construction Co., appeals the summary judgment dismissal of his counterclaim—a counterclaim that was based not on his lien, but on the theory that CC&H was unjustly enriched by improvements he had made to the foreclosed property.

The trial court properly dismissed Mr. Hewitt's claim to the extent it was based solely on the benefit conferred by Mr. Hewitt's improvements to the property. But Mr. Hewitt claims to have had a conversation with a CC&H principal late in the project, who allegedly provided assurances that Mr. Hewitt should continue his work and could expect to be paid. With respect to Mr. Hewitt's claim for work performed thereafter, issues of fact remain that require trial. We reverse in part and remand.

FACTS AND PROCEDURAL BACKGROUND

RCS Northwest LLC is a real estate developer. Between 2008 and 2010, CC&H extended three loans totaling $368,500 to RCS, which were used by RCS to acquire property located in Asotin and finance development of 23 single family home sites platted as the Highland Place subdivision. The loans were secured by deeds of trust against RCS's property that were duly recorded. In the fall of 2010, RCS evidently became unable to pay material and labor costs on the project, and mechanics' liens were filed by Mr. Hewitt, Early Bird Supply Inc., and Jenkins Plumbing Inc. In 2011, CC&H commenced the action below to foreclose its deeds of trust. It named the holders of the

2

mechanics' liens as defendants and prayed for a determination that their interests were junior to its deeds of trust.

Mr. Hewitt, a licensed general contractor, was engaged by RCS to construct the major infrastructure for the subdivision. In answering CC&H's complaint, he asserted a cross claim against RCS for the $114,972 he alleged remained owing for his work. He also asserted a counterclaim against CC&H, alleging that if he had not constructed the infrastructure, the property on which CC&H held deeds of trust would be worth less than the amount CC&H was owed by RCS. He admitted that CC&H acquired its deeds of trust before he made improvements to the property. But he argued that his construction of the infrastructure conferred a benefit on CC&H, that CC&H was aware of the benefit, and that it would be inequitable for CC&H to retain the benefit without paying for its value.

CC&H moved for summary judgment against all of the defendants. In support of its motion, it filed a declaration of Dick Coles, one of its partners, which established among other matters that it made its first two loans to RCS two years before any mechanics' liens were filed and that its third loan was to enable RCS to pay deposits on materials and specialty contractors. Mr. Coles testified in his declaration:

17. ... CC&H cannot be held responsible for RCS' failure to pay its contractors. We were not the guarantors on this job.
18. We already paid for the services which are the subject of the defendants' liens. They are now asking that we pay twice. Their remedy lies with RCS not CC&H.

3

Clerk's Papers (CP) at 94.

CC&H also filed a declaration of Ron Stricklin, a member-manager of RCS, establishing that RCS granted the last of CC&H's three deeds of trust in February 2010. Mr. Stricklin testified in the declaration that CC&H "paid me funds with which to satisfy the subcontractor's bills for services and labor," but that "I used those funds for other legitimate purposes related to the project and was unable to pay the subcontractors who have now filed liens." CP at 97.

In opposition to the motion for summary judgment, Mr. Hewitt submitted his own declaration setting forth facts suggesting, he contended, that CC&H knew RCS was underwater financially and would be unable to pay its contractors. His declaration also included the following allegations that Mr. Coles made representations to induce him to complete the infrastructure even though he was not being paid:

> 11.    . . . When I was well along with the work on the project, but wasn't completely done, I had a conversation with Dick Coles. His emphasis to me was that I needed to get the project done and get it done soon. He kept asking me when the project would be done. I asked Mr. Coles what he knew about this guy, Ron Stricklin and point blank asked Dick Coles "will I get paid". I was assured by Dick Coles that Ron Stricklin was reliable or ok or words to that effect and that he was certain that I would get paid when the job was done.
> 12.    . . . I had no idea that Dick Coles was one of the investors in CC&H at the time I was having the discussions with him. We were actually talking about another unrelated project when the conversation came up. Thereafter, I asked Ron Stricklin about Dick Coles. Stricklin then told me that Coles was his friend and was the "money guy". Ron

4

Stricklin also assured me that I would get paid when the county approved the job and that CC&H/Coles were financing the whole thing.

CP at 102-03. Mr. Hewitt testified that he continued to work on the project and complete the development "only because I relied on what Dick Coles and Ron Stricklin had told me, that there was money to pay for my improvements and that I would get paid." CP at 103.

CC&H filed a supplemental declaration of Mr. Coles in which he acknowledged having had a conversation with Mr. Hewitt but denied Mr. Hewitt's version of what was said. In particular, he denied making any assurances or guarantees that Mr. Hewitt would be paid or telling Mr. Hewitt that he should try to complete the project. Mr. Coles testified in his supplemental declaration that if he said anything to Mr. Hewitt about Mr. Stricklin, it would have been a truthful statement based on his experiences with Mr. Stricklin up to that point in time.

The trial court granted CC&H's motion for summary judgment. Mr. Hewitt appeals.

## ANALYSIS

A party may bring a claim for unjust enrichment to recover the value of a benefit retained even absent any contractual relationship, if fairness and justice require it. *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008). In these situations, it is said that a quasi contract exists between the parties. *Id.* The party must prove three elements: "(1)

the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id.* at 484-85.

The mere fact that a defendant has received a benefit from the plaintiff is insufficient to justify recovery. Relief is available only if it is unjust for the defendant to keep the benefit received without paying. *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 601, 137 P.2d 97 (1943); *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 490, 254 P.3d 835 (2011). It also is critical that the enrichment be unjust as between the parties to the transaction. *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 732, 741 P.2d 58 (1987).

It is undisputed that CC&H received a benefit in this case. It foreclosed on residential development property that was more valuable with the infrastructure having been completed, thanks to the work performed by Mr. Hewitt. The question then becomes whether it is unjust for CC&H to retain this benefit.

CC&H relies, as did the trial court, on the general rule that the mere fact that a third person (here, CC&H) benefits from a contract between two other persons (here, RCS and Mr. Hewitt) does not make the third person liable for unjust enrichment based on the mere failure by one of the contracting parties (here, RCS) to perform. *See Farwest*, 48 Wn. App. at 732. Mr. Hewitt has failed to demonstrate any genuine issue of material fact that would prevent this general rule from applying, for the most part, to the

6

benefit that CC&H derived from Mr. Hewitt's improvements to the Highland Park

subdivision. A lender does not have a duty to see that loan funds are properly disbursed

to contractors. *Town Concrete Pipe of Wash., Inc. v. Redford*, 43 Wn. App. 493, 501,

717 P.2d 1384 (1986).

The general rule is subject to an exception, however, where the third person

benefiting has engaged in some misleading act. *See Farwest*, 48 Wn. App. at 733.

Among the misleading acts that will support a claim of unjust enrichment is for a lender

to urge a contractor to continue working in circumstances similar to those in this case.

*See Irwin Concrete, Inc. v. Sun Coast Props., Inc.*, 33 Wn. App. 190, 653 P.2d 1331

(1982) (lender encouraged continued work knowing that foreclosure was looming); *cf.*

*Town Concrete*, 43 Wn. App. 493 (lender was not unjustly enriched as long as it did

nothing to mislead the contractor).

Our review of dismissal of a claim on summary judgment is de novo. *Hisle v.*

*Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). We review all

facts and reasonable inferences from the facts in a light most favorable to the nonmoving

party. *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002).

Here, Mr. Hewitt has testified that he was encouraged by Mr. Coles to continue his

work, with the clear implication from Mr. Coles being that Mr. Stricklin could be counted

upon to perform and pay. He claims to have completed the infrastructure in reliance.

These facts, if true, are sufficient to support a claim of unjust enrichment for the

7

incremental benefit, if any, that was conferred by Mr. Hewitt after the conversation with Mr. Coles took place. Accordingly, we reverse in part the trial court's order granting summary judgment. Mr. Hewitt is entitled to a trial on this aspect of his unjust enrichment claim.

CC&H requests attorney fees on appeal under RAP 18.1 and RCW 60.04.181(3). It is not the prevailing party, so we need not further consider whether it would be entitled to fees under chapter 60.04 RCW, dealing with mechanics' liens, if it had prevailed.

We reverse, in part, the trial court's order on summary judgment. The granting of the motion to dismiss Mr. Hewitt's unjust enrichment claim is reversed to the extent of any benefit enjoyed by CC&H as a result of Mr. Coles's alleged statements and assurances recounted in Mr. Hewitt's declaration opposing summary judgment. Mr. Hewitt's counterclaim based on any such benefit is remanded for trial. The unjust enrichment claim is one for money damages, so the trial court's "Order Confirming Sale of Real Property" is affirmed.

A majority of the panel has determined that this opinion will not be printed in the

8

No. 30590-2-III
*CC&H Invs. v. RCS Nw., LLC*

Washington Appellate Reports but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Brown, J.